FILED

2007 SEP -5 PM 2: 08

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

ROBERT A. HULL,

        Plaintiff,

-vs-                                   Case No. 2:07-cv-166-FtM-34DNF

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR TEMPORARY RESTRAINING ORDER OR FOR AN INJUNCTION (Doc. No. 27)** |
| **FILED:** | **September 4, 2007** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

The Plaintiff, Robert A. Hull is requesting that the Court enter a Temporary Restraining Order or an Injunction. The Plaintiff is presently incarcerated, and filed this action to recover social security benefits. The Plaintiff is requesting that the Court enter an Order which prohibits the Defendant "Abarry" and other "like minded person" from seeking to deny or disrupt the Plaintiff's mail service (See, Doc. 27, p. 1). The Plaintiff specifically requests that the Defendant be prohibited from

-1-

interfering with mail sent or received from mental health, educational, legal, and religious entities, sources or resources. (See, Doc. 27, p. 3). Although not exceptionally clear, the Plaintiff then argues from pages 4 to 20 that his confinement is unlawful and violates the Constitution.[1]

Under Fed.R.Civ.P. 65(b), a temporary restraining order may be granted without notice only if: (1) "it clearly appears from specific facts . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition," and (2) the applicant "certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Further, under Local Rule 4.05, "[s]uch orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." Pursuant to Local Rule 4.05(b)(4), "[t]he brief or legal memorandum submitted in support of the motion must address the following issues: (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing parties or others if the order is issued; and (iv) the public interest, if any."

The Court carefully reviewed the Motion for Temporary Restraining Order (Doc. 27). The Court does not find that the Plaintiff demonstrated a threat of an immediate and irreparable injury or loss. The requests for relief in the Motion do not relate to the issues raised regarding social security benefits. To the extent that the Plaintiff contends that any of his constitutional rights are being

---

[1] The Court finds no need for a hearing on the request for a temporary restraining order and can make its recommendation solely from the papers submitted. See, Local Rule 4.05(b).

violated, the Plaintiff may file a civil rights complaint pursuant to 42 U.S.C. §1983 to prosecute his claims.

In the Eleventh Circuit the issuance of "a preliminary injunction is an extraordinary remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to each of the four prerequisites." *Burk v. Augusta-Richmond County*, 365 F.3d 1247, 1262-3 (11th Cir. 2004). A movant must show that the following four prerequisites to prevail on a motion for preliminary injunction: "1) it has a substantial likelihood of success on the merits; 2) the movant will suffer irreparable injury unless the injunction is issued; 3) the threatened injury to the movant outweighs the possible injury that the injunction may cause the opposing party; and 4) if issued, the injunction would not disserve the public interest. *Id.* (citing *Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). In the instant case, the Plaintiff has failed to show any of the four prerequisites.[2] As states above, the requests for relief in the Motion do not relate to the issues raised regarding social security benefits.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Motion for an Injunction/Temporary Restraining Order (Doc. 27) be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[2] The Court did not rely on disputed facts to make its determination, therefore, a hearing is not necessary. *See, Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996).

Respectfully recommended in Chambers in Ft. Myers, Florida this **5th** day of September, 2007.

                                                */s/ Douglas N. Frazier*
                                                DOUGLAS N. FRAZIER
                                          UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record